The appellant, Danny Lee Stewart, was convicted of murder and was sentenced to thirty years' imprisonment. He raises two issues on this appeal from that conviction.
 I
First he contends that he was entitled to a change of venue because his jury did not represent a fair cross section of the community in which the offense occurred.
The appellant makes the following claims with respect to the foregoing argument: There were six black persons on the jury venire. Three of those were excused for cause. With only three black persons remaining on the jury venire, it was impossible for him to obtain a "racially balanced" jury. Therefore, he argues that he was entitled to a change of venue to another county where few, if any, black persons would have knowledge of the case, and where, presumably, the venire would include more black persons available for jury service.
There are several flaws in this argument. First of all, the appellant has attempted to link two unrelated rights — the due process right to a fair trial by an unbiased jury and *Page 415 
the Sixth Amendment right to a "representative" jury. Even if the two rights were somehow connected, the appellant has failed to show that he suffered any infringement of either right. Neither the change of venue rule nor the fair cross-section requirement exists to ensure that a particular jury will be "racially balanced."
An accused is entitled to a change of venue only "if he can demonstrate that he cannot receive a fair trial in the county where he is to be tried." Ex parte Fowler, 574 So.2d 745, 747
(Ala. 1990). See Rule 10.1(b), A.R.Crim.P. (a criminal defendant may move for a change of venue if "a fair and impartial trial and an unbiased verdict cannot be had for any reason"). The accused has the burden of showing that he cannot receive a fair trial in the county in which he is indicted. Rule 10.1(b), A.R.Crim.P. See also Ala. Code 1975, § 15-2-20 (accused must "set forth specifically the reasons why he cannot have a fair and impartial trial in the county in which the indictment is found"). In moving for a change of venue, the accused may not rely on assumptions of bias but must prove "actual prejudice against the defendant." See Ex parte Grayson, 479 So.2d 76, 80
(Ala.), cert. denied, 474 U.S. 865, 106 S.Ct. 189,88 L.Ed.2d 157 (1985). The appellant made no showing of actual prejudice, and he therefore failed to demonstrate the necessity of a change of venue.
Finally, even assuming that the appellant had grounds for a change of venue, his motion was untimely. A motion for change of venue must be made "at the earliest opportunity prior to trial." Rule 10.1(c), A.R.Crim.P. The appellant waited until the trial begun and the jury selection process was underway to make his motion.
In order to establish a Sixth Amendment fair cross-section requirement violation, the accused has the burden of proving asystematic exclusion of blacks resulting in their under-representation on the jury rolls. See Duren v. Missouri,439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); Robinson v.State, 560 So.2d 1130, 1132 (Ala.Cr.App. 1989). In this case, the prosecutor stated that the jury list was derived from drivers' license records. The practice of using drivers' licenses as the sole source for compiling a master jury list has been upheld against claims that it violates the fair cross section requirement. Joyce v. State, 605 So.2d 1243
(Ala.Cr.App. 1992); Rayburn v. State, 495 So.2d 733
(Ala.Cr.App. 1986); Vaughn v. State, 485 So.2d 388
(Ala.Cr.App. 1986). The appellant presented no evidence to support the conclusion that the method of summoning jurors in Houston County resulted in the exclusion of any distinctive group in the community; he therefore failed to demonstrate a violation of the Sixth Amendment fair cross-section requirement. See Brundage v. State, 585 So.2d 238, 239
(Ala.Cr.App. 1991); Childs v. State, 574 So.2d 1023, 1024
(Ala.Cr.App. 1990); White v. State, 587 So.2d 1218, 1221
(Ala.Cr.App. 1990), affirmed, 587 So.2d 1236 (Ala. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 979, 117 L.Ed.2d 142 (1992); DeFries v. State, 597 So.2d 742, 750 (Ala.Cr.App. 1992).
In the absence of a showing of systematic exclusion, the showing of a disparity between the percentage of blacks in the population of the county in which venue is situated and the percentage of blacks on the venire does not establish a violation of the fair cross-section requirement. SeeJohnson v. State, 620 So.2d 679 (Ala.Cr.App. 1992), reversed on other grounds, 620 So.2d 709 (Ala. 1993); Pierce v. State,576 So.2d 236, 241 ((Ala.Cr.App. 1990), cert. denied, 576 So.2d 258
(Ala. 1991).
Even if the appellant had established a violation of the fair cross-section requirement, which he did not, his remedy would have been the drawing of another jury, see Ala. Code 1975, §§12-16-55 through 12-16-64, and not a change of venue.
 II
The appellant maintains that his motion for judgment of acquittal should have been granted because the verdict was contrary to the evidence of self defense.
The evidence was undisputed that the appellant shot the victim during an argument in the kitchen of a residence shared by State's witnesses Lisa Jernigan and Alvin Hudspeth. *Page 416 
Neither Jernigan nor Hudspeth witnessed the actual shooting, but both heard angry words spoken by the appellant to the victim and Hudspeth saw the appellant with a gun. Hudspeth did not see the victim with a knife or any other weapon. He heard the victim say to the appellant, "[M]an, please don't shoot me," R. 73, and then he heard a gunshot. The appellant claimed that he shot the victim after the victim first came at him with a knife.
 " 'Where, as here, the killing was admitted, the question of whether or not it was justified under the theory of self defense was for the jury.' Townsend v. State, 402 So.2d 1097, 1098
(Ala.Cr.App. 1981). The issue of self-defense invariably presents a question for the jury, whose verdict will not be disturbed on appeal. '[E]ven if the evidence of self-defense is undisputed, the credibility of the defendant with respect to the evidence of self-defense is for the jury, and they may, in their discretion, accept it as true or reject it.' Mack v. State, 348 So.2d 524, 529
(Ala.Cr.App. 1977).
 "This court's observation in Hilliard v. State, [610] So.2d [1204] (Ala.Cr.App. 1992), a recent case with similar facts, is applicable here:
 " 'The only evidence at trial concerning the appellant's theory of self-defense was the appellant's testimony in which he stated that he stabbed the victim only after the victim pulled a knife on him. The jury does not have to accept the accused's version of what happened.
 " ' "Whether the killing of another was justified as an act of self-defense is a question for the jury, Turner v. State, 160 Ala. 40, 49 So. 828; and this is true even though the defendant's testimony as to how the difficulty occurred is uncontradicted." Collier v. State, 49 Ala. App. 685, 275 So.2d 364, 367 (1973). "The weight and credence given the testimony of the accused as to the issue of self-defense is a question for the jury." Garraway v. State, 337 So.2d 1349, 1353 (Ala.Cr.App. 1976). See also Atchley v. State, 393 So.2d 1034, 1051
(Ala.Cr.App. 1981); Warren v. State, 380 So.2d 305, 307 (Ala.Cr.App. 1979), cert. quashed, 380 So.2d 307 (Ala. 1980); Graham v. State, 339 So.2d 110, 113 (Ala.Cr.App.), writ denied, 339 So.2d 114 (Ala. 1976).
 " 'The trial court in its oral instructions to the jury set forth the law of self-defense. The jury resolved the issue against the appellant by finding him guilty. . . . That verdict is supported by evidence presented at trial. The trial court committed no error in failing to grant the appellant's motion for judgment of acquittal.' Hilliard v. State, [610] So.2d at [1205]."
Quinlivan v. State, [Ms. CR-91-620, November 13, 1992], 1992 WL 330722, *5 (Ala.Cr.App. 1992).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.